United States District Court
Southern District of Texas
**ENTERED**
November 10, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM MANER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-191 |
| | § | |
| DIGNITY HEALTH; fka CATHOLIC HEALTHCARE WEST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

William Maner sued his former employer, Dignity Health, on July 22, 2015. He alleged employment discrimination and retaliation under Title VII, and he asserted claims for breach of contract under Texas law. The EEOC issued Maner a right-to-sue letter on April 22, 2015. Maner filed this lawsuit approximately 89 days later.

On November 2, 2015, Dignity Health moved to dismiss the suit on the grounds of personal jurisdiction and improper venue. (Dkt. 6). Dignity Health argued that it was a California corporation, with its principal place of business in California, and that it lacked sufficient contacts with Texas to support this Court's exercise of personal jurisdiction over it. Dignity Health also contended that venue was improper in Galveston, Texas because "the vast majority of events giving rise to this claim occurred in Phoenix, Arizona." (Dkt. 6). The only relief Dignity Health sought was dismissal—it did not ask this Court to transfer the case to another venue. Nor did Maner hedge his bets by asking this Court, in the alternative, to transfer his lawsuit to another court. Instead, Maner stood

firm in asserting that this Court had personal jurisdiction over Dignity Health and that venue was proper in Galveston, Texas. (Dkt. 17).[1]

On September 27, 2016, this Court issued its Memorandum Opinion and Order, finding that it lacked personal jurisdiction over Dignity Health. The Court granted Dignity Health's motion and dismissed Maner's suit, without prejudice.

Maner has now filed a motion to vacate the dismissal under Federal Rule of Civil Procedure 60(b), and he further asks this Court to transfer this case to the United States District Court for the District of Arizona under 28 USC § 1406(a). Essentially, Maner contends that his time period to re-file his Title VII lawsuit has expired, and he will be therefore unable to proceed in Arizona. Accordingly, he asks the Court to transfer his lawsuit to Arizona without dismissing the case. Otherwise, he argues, his claims against Dignity Health will be lost because of nothing more than a "technical error."

**A. Motion to Vacate**

The Court first addresses Maner's Rule 60(b) motion. Rule 60(b) provides that, "on motion and just terms," a court may order relief from a judgment or order for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. FED. R. CIV. P. 60(b).

---

[1] Dignity Health has produced e-mails showing that its attorneys conferred with Maner's counsel about the lack of personal jurisdiction in Texas, and stating that venue was instead proper in Arizona, before Maner's lawsuit was even filed in this Court. Nonetheless, Maner filed went ahead and filed his lawsuit in this Court.

Here, Maner simply seeks relief under "Rule 60(b)" without stating which sub-division he relies upon. His arguments appear to be an attempt to invoke Rule 60(b)(1), which applies to "mistake, inadvertence, surprise, or excusable neglect." Although Maner now describes his choice to stand pat on the jurisdictional dispute as a mere "technical error," the Court is more inclined to view it as a deliberate legal strategy of counsel. The Court further notes that the Fifth Circuit has made it clear that Rule 60(b)(1) is "extraordinary relief" that requires "the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. United States Serv*., 769 F.2d 281, 286 (5th Cir. 1985). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief," and the Fifth Circuit has also stated that a district court abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 357 (5th Cir. 1993). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* [2]

However, the Fifth Circuit also held, in an unpublished per curiam opinion, that a district court abused its discretion when it granted a motion to dismiss for lack of

[2] *See also Helm v. Resolution Trust Corp.,* 84 F.3d 874 (7th Cir. 1996) (attorney's reliance on incorrect jurisdictional statute did not entitle plaintiff to relief from judgment of dismissal on grounds of excusable neglect); *Federal's Inc. v. Edmonton Inv. Co*., 555 F.2d 577 (6th Cir. 1977) (debtor's reliance on legal theory that was ultimately rejected was deliberate choice, and not a "mistake" entitling debtor to relief from judgment).

personal jurisdiction and then denied the plaintiff's requested alternative relief asking that, if the court found personal jurisdiction lacking, the case be transferred to another venue instead of dismissed. *See Self v. M&M Chem. Co*., 177 F.3d 977 (5th Cir. 1999) (affirming district court's ruling that Defendants were not amenable to personal jurisdiction in Texas, but vacating district court's order dismissing case and denying motion to transfer, remanding to district court with instructions to transfer the case to "a suitable venue where jurisdiction may be had over the Defendants") (unpublished but persuasive). In *Self*, the Fifth Circuit noted that "[d]ismissing Self's action based on his having been unable to find sufficient evidence to support his guess regarding [an] elusive jurisdictional fact would impose the very injustice that Congress intended to alleviate by permitting transfers under § 1404(a) and § 1406(a)." *Id*.

The Court is reluctant to reopen and transfer this case under these particular circumstances—for all of the reasons that the Fifth Circuit has addressed in the above cases, and for all of the reasons Defendant has laid out in its response to Maner's motion. Nonetheless, the Court will **GRANT** Maner's motion and hereby **VACATES** its Final Judgment, issued on September 27, 2016 (Dkt. 36) and the portion of its Memorandum Opinion and Order regarding the dismissal of this case. (Dkt. 35).

**B. Motion to Transfer**

Next, the Court turns to Maner's request that this case be transferred to the United States District Court for the District of Arizona. Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought." 28 U.S.C. § 1406; *see, e.g., Bentz v. Recile,* 778 F.2d 1026, 1028 (5th Cir. 1985).

The Fifth Circuit has made it clear that, even if a court lacks personal jurisdiction over a defendant, it may nonetheless transfer the case to a proper venue. *Nationwide Bi–Weekly Admin., Inc. v. Belo Corp*., 512 F.3d 137, 140 (5th Cir. 2007) (Section 1406(a) "permits a court to transfer a case 'to any district or division in which it could have been brought' regardless of whether it has personal jurisdiction over the defendants.").

Section 1406 applies here because this Court is an improper venue. "[A] district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle (to) an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle." *Ellis v. Great Southwestern Corp*., 646 F.2d 1099, 1105 (5th Cir. 1981), citing *Dubin v. United States*, 380 F.2d 813 (5th Cir. 1967). Lack of personal jurisdiction is another ground for such a transfer. *Ellis*, 646 F.2d at 1105 and n. 7.

But is the District of Arizona is a "proper venue" for this case? Maner's Complaint invoked this Court's subject-matter jurisdiction under 28 U.S.C. § 1331. Venue therefore is determined under 28 U.S.C. § 1391(b), and venue is proper in (1) the judicial district in which Dignity Health resides; (2) a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) "if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In determining proper venue, the court may look at evidence in the record beyond those facts alleged in the complaint and its admissible attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448 (5th Cir. 2008)), cert. denied, 558 U.S. 1111, 130 S.Ct. 1054, 175 L.Ed.2d 883 (2010). Maner points to Dignity Health's own statements in previous briefing that, "the vast majority of events giving rise to this claim occurred in Phoenix, Arizona." Given this statement, the pleadings and evidence submitted in this case, and the legal authorities cited above, the Court finds that the District of Arizona, Phoenix Division, is a proper venue for this lawsuit, and finds that this case should be transferred in the interests of justice. Accordingly, the Court **GRANTS** the motion to transfer.

## CONCLUSION

The Court is gravely concerned about the allegations of gamesmanship between counsel. Additionally, the strategies employed in this case may be viewed as undermining the finality of judgments and wasting judicial and party resources.

Nonetheless, the Court **GRANTS** Maner's motion. Although the Court lacks personal jurisdiction over the Defendant in this case, and even though no party sought transfer in lieu of dismissal during the ten months that the motion to dismiss was pending, the Court nonetheless **VACATES** its Final Judgment, issued on September 27, 2016 (Dkt. 36) and that portion of its Memorandum Opinion and Order regarding the dismissal of this case (Dkt. 35), and hereby **TRANSFERS this case to the United States District Court for the District of Arizona, Phoenix Division**.

SIGNED at Galveston, Texas, this 10th day of November, 2016.

George C. Hanks Jr.
George C. Hanks Jr.
United States District Judge